**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**Case No. 5:24-cv-00118-JHM-LLK**

**JOSEPH WILLIAMS,**                                                                           **PETITIONER**

**v.**

**SHAWN MCKENZIE, Warden,**                                           **RESPONDENT**

**FINDINGS OF FACT, CONCLUSIONS, AND RECOMMENDATIONS**

Petitioner Joseph Williams filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petition [DN 1]. On October 1, 2024, the Court referred the matter to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 for "rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact, conclusions, and recommendations on any dispositive matter." [DN 9]. This matter is before the Court on Respondent's motion to dismiss the Petition as having been filed outside the 1-year period of limitation established by 28 U.S.C. § 2244(d). Response [DN 16]. Petitioner's reply to the motion to dismiss, if any, was due on January 2, 2025, making the Petition ripe for determination.

This Report concludes that the petition was filed outside the applicable 1-year period of limitation. Accordingly, the **RECOMMENDATION** will be that the Court **DENY** the Petition, [DN 1].

**Procedural History Relevant to 1-Year Period of Limitation**

The relevant procedural history of this case can be summarized by referencing two Kentucky state court opinions underlying the Petition. The first opinion involved Petitioner's conviction and subsequent appeal. *See Williams v. Commonwealth*, No. 2015-SC-000370-MR,

1

2017 WL 634766, at *6 (Ky. Feb. 16, 2017) ("*Williams 1*"). The second opinion involved the denial and appeal of Petitioner's Rule of Criminal Procedure ("RCr") 11.42 motion claiming ineffective assistance of counsel. *Williams v. Commonwealth*, No. 2022-CA-0220-MR, 2023 WL 3028231, at *1 (Ky. Ct. App. Apr. 21, 2023), *review denied* (Apr. 12, 2024) ("*Williams 2*").

On April 7, 2015, Petitioner was found guilty of first-degree assault and being a first-degree persistent felony offender. *Williams 2* at *1; *Williams 1* at *1. He was sentenced to 40 years of incarceration, which sentence he appealed to the Kentucky Supreme Court. *Id*.

On February 16, 2017, the Kentucky Supreme Court affirmed his conviction. *Williams 1* at *6.

On October 15, 2019, Petitioner filed a motion to vacate his conviction and sentence under RCr 11.42 in the Christian Circuit Court. [DN 16-2] at 42.

On April 12, 2024, the Kentucky Supreme Court denied discretionary review of the Kentucky court of Appeals' affirmance of Petitioner's first-degree assault petition. *Williams 2*.

On June 25, 2024, Petitioner Joseph Williams filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petition [DN 1].

## Standard of Review

28 U.S.C. § 2244(d) established a 1-year period of limitation for filing a federal habeas corpus petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C § 2244(d).

**Petitioner filed the present petition outside the applicable 1-year period of limitation.**

In light of the following findings/conclusions, this Report concludes that Petitioner filed his petition outside the 1-year period of limitation established by 28 U.S.C. § 2244(d):

1.    On May 17, 2017 (90 days after February 16, 2017, when the Kentucky Supreme Court affirmed his conviction[1]), Petitioner's "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

2.    On May 17, 2017, Petitioner's 1-year period started to run pursuant to 28 U.S.C. § 2244(d)(1)(A).

3.    On May 17, 2018, Petitioner's 1-year period expired, under 28 U.S.C. § 2244(d)(1)(A).

4.    Although on October 15, 2019, Petitioner filed a motion to vacate his conviction and sentence under RCr 11.42 in the Christian Circuit Court, [DN 16-2] at 42, his deadline under 28 U.S.C. § 2244(d) had already passed. Thus, the RCr 11.42 motion did not toll the 1-year period of limitation, which may be tolled for a period of time "'during which a *properly*

---

[1] *Williams* 2 at *6.

*filed* application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.'" *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)) (emphasis in original). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.*

5.  Petitioner did not file a Reply rebutting the Warden's Response, which was limited to the question of timeliness. To be afforded equitable tolling, Petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Pelegrin-Vidal v. Valentine*, No. 321CV00089RGJLLK, 2022 WL 21840859, at *4 (W.D. Ky. Feb. 4, 2022), report and recommendation adopted, No. 3:21-CV-89-JHM-LLK, 2023 WL 8696333 (W.D. Ky. May 18, 2023) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Even absent a proffer by Petitioner, the Court upon its own review of the record finds no indication that Petitioner pursued his rights diligently and no "extraordinary circumstance [that] stood in his way and prevented timely filing." *Id.*

**Petitioner does not qualify for the actual-innocence exception to the period of limitation.**

The Petition argues that the actual-innocence exception to the period of limitation should apply. Petition [DN 1] at 2-7. This Court has summarized this exception, noting that its application is rare and must be predicated on new evidence showing innocence:

> "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case,

4

> expiration of the statute of limitations" established by 28 U.S.C. § 2244(d). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of ... new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[A]ctual innocence means factual innocence, not mere legal insufficiency."). Examples of new evidence that might qualify for the actual-innocence exception are "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324.

*Lane v. Green*, No. 518CV00160TBRLLK, 2019 WL 13438363, at *2 (W.D. Ky. May 7, 2019), report and recommendation adopted, No. 518CV00160TBRLLK, 2019 WL 13438472 (W.D. Ky. Oct. 29, 2019).

The Petition does not cite any "new evidence" that would prove actual innocence or permit a district court to usurp the role of a jury. Petitioner points to facts that the jury did consider, *see, e.g., Williams 2*, at *3 ("He was able to inform the jury of the 911 call that Wells made, reporting that she had fallen down the stairs."), and arguments that the Kentucky state courts properly rejected, *see, e.g., id.* ("We further conclude that the failure of counsel to retain an expert did not prejudice Williams[.]"); ("Williams contends that his counsel was ineffective for not adequately investigating and securing 'alibi' witnesses on his behalf. The trial court addressed this assertion, noting that there was no evidence in the record suggesting that there were any alibi witnesses.")[2]

---

[2] Petitioner, in passing, also argues that the failure to present these "alibi" witnesses violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). Petition [DN 1] at 20-21. "A prosecutor does not violate Brady unless the 'nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict.'" *Whalen v. Randle*, 37 F. App'x 113, 119 (6th Cir. 2002) (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)). There was no Brady violation because there is no reasonable probability that the not-presented witnesses, or allegedly-suppressed evidence, would have produced a different verdict. Even if there were a Brady violation, Petitioner is unable to show "a Brady violation that would allow him to toll the start of his statute of limitation period under § 2244(d)(1)(D)." "[Petitioner] was certainly aware of [the witness] at his original trial," *id.*, "but because the witness appeared to lack credibility, it appears to have been a reasonable trial strategy to not call the witness." *Williams 2* at *2 (referencing "a neighbor who was drunk at the time of the alleged assault and who told the police that he saw Wells fall off the porch.") (internal quotations omitted). Decisions related to witness

In sum, the 1-year period of limitation was not subject to tolling under the actual-innocence exception, making the June 25, 2024, Petition over 6 years late.

### The Court Should Deny Petitioner a Certificate of Appealability

Before Petitioner may appeal this Court's decision, a Certificate of Appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "When the district court denies a habeas petition on procedural grounds (e.g., the 1-year period of limitation established by Section 2244(d)) without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The undersigned is satisfied that jurists of reason would not insist that the petition was filed within the applicable 1-year period of limitation and/or that Petitioner is entitled to equitable tolling. Therefore, the recommendation will be that the Court deny Petitioner a COA.

### RECOMMENDATION

Because the June 25, 2024, Petition 1) was untimely as having been filed after May 17, 2018, and 2) is not subject to tolling, the Magistrate Judge **RECOMMENDS** that the Court **DENY** the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, Petition [DN 1]. The

---

selection are generally not subject to second guessing, and trial strategy is given the presumption of correctness. *Hodge v. Commonwealth*, 68 S.W.3d 338, 344 (Ky. 2001).

Magistrate Judge **FURTHER RECOMMENDS** that the Court **DENY** a certificate of appealability.

### NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

March 21, 2025

Lanny King, Magistrate Judge
United States District Court

C: Counsel of Record
Joseph Williams, #166273, paper copy to Eastern Kentucky Correctional Complex, 200 Road to Justice, West Liberty, KY   41472